IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02073-GPG

**PHINEHAS MCNEAL**,

       Plaintiff,

v.

**BILL ELDER**, Sheriff;
**W. FELDER**, Deputy Sheriff;
**EL PASO COUNTY COLORADO**;
**EL PASO BOARD OF COUNTY COMMISSIONERS**;
**TERRY MAKETA**, Sheriff; and any and all deputy sheriffs (names unknown) described
herein, both officially and individually; medical staff (names unknown);
**EL PASON COUNTY JAIL COMMANDERS**, officially and individually; and any and all
county therapy staff and operational supervisors (names unknown) personally/
individually,

       Defendants.

---

### ORDER DIRECTING PLANTIFF TO FILE A SECOND AMENDED COMPLAINT

---

     Plaintiff Phinehas McNeal is a federal prisoner currently in custody in the

Englewood Federal Correctional Institution in Littleton, Colorado.  On September 21,

2015, he filed a prisoner complaint (ECF No. 1) against several entities and individuals

at the El Paso County Jail.  The Court has granted leave to proceed pursuant to 28

U.S.C. § 1915.  As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the

court determined that the complaint was deficient and ordered Plaintiff to file an

amended complaint (ECF No. 6).  Plaintiff filed an amended complaint on October 20,

2015 (ECF No. 7).

The Court must construe the complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the operative complaint is deficient. For the reasons stated below, Plaintiff will be directed to file an amended complaint.

The complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

**Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims.** *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

The Court has reviewed the Complaint and finds that Plaintiff fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Plaintiff fails to provide a short and plain statement of his claims showing he is entitled to relief because he fails to provide specific factual allegations in support of each his claims.  Plaintiff alleges that Defendants used excessive force but he does not allege when these incidents occurred and he fails to provide any factual allegations describing the events that led to these incidents or what injuries he suffered as a result of the incidents.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

Plaintiff is required to assert personal participation by properly named defendants in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show in the Cause of Action section of the complaint form how each named individual caused the deprivation

3

of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be

an affirmative link between the alleged constitutional violation and each

defendant's participation, control or direction, or failure to supervise.  *See Butler v. City*

*of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Furthermore, **TO STATE A CLAIM IN FEDERAL COURT PLAINTIFF MUST**

**EXPLAIN (1) WHAT A DEFENDANT DID TO HIM; (2) WHEN THE DEFENDANT DID**

**IT; (3) HOW THE DEFENDANT'S ACTION HARMED HIM; AND (4) WHAT SPECIFIC**

**LEGAL RIGHT THE DEFENDANT VIOLATED AS TO EACH AND EVERY CLAIM.**

*Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007) (noting

that, to state a claim in federal court, "a complaint must explain what each defendant did

to him or her; when the defendant did it; how the defendant's action harmed him or her;

and, what specific legal right the plaintiff believes the defendant violated"). Accordingly,

in the Amended Complaint, Plaintiff must allege specific facts to show how each named

Defendant personally participated in an alleged deprivation of his constitutional rights.

A defendant also may not be held liable for the unconstitutional conduct of his or

her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S.

662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for
> conduct "arising from his or her superintendent
> responsibilities," the plaintiff must plausibly plead and
> eventually prove not only that the official's subordinates
> violated the Constitution, but that the official by virtue of his
> own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at

677).  Therefore, in order to succeed against a government official for conduct that

arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199. Therefore, Mr. McNeal should name as Defendants only those persons he contends actually violated his federal rights while acting under color of law.

Mr. McNeal also fails to allege facts that would support an arguable Eighth Amendment claim against Defendants in their official capacities. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978). Therefore, Mr. McNeal's claim against Defendants in their official capacities must be construed as a claim against El Paso County. However, Plaintiff cannot state a cognizable claim for relief against the County unless he demonstrates he suffered an injury caused by a municipal policy or custom. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Plaintiff must file an amended complaint if he wishes to pursue his claim in this action. Accordingly, it is

5

**ORDERED** that **within thirty days from the date of this Order**, Plaintiff shall file a second amended complaint that complies with this Order.  It is

**FURTHER ORDERED** that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the amended complaint.  As part of the Second Amended Complaint, Plaintiff is **ORDERED** to attach copies of all prison grievances and responses thereto that he has filed and received regarding the matters complained of in the Second Amended Complaint.  It is

**FURTHER ORDERED** that if Plaintiff fails to comply with this Order within the time allowed the Court will dismiss the action without further notice.

DATED December 1, 2015, at Denver, Colorado.

BY THE COURT:

 /s Gordon P. Gallagher
Gordon P. Gallagher
United States Magistrate Judge