IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02073-GPG

PHINEHAS McNEAL,

    Plaintiff,

v.

ELDER, et al.,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT

---

    Plaintiff, Phinehas McNeal, is a prisoner in the custody of the Federal Bureau of Prisons at a federal prison in Florence, Colorado.  Mr. McNeal initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant 42 U.S.C. § 1983 claiming his constitutional rights were violated while he was an inmate at the El Paso County Jail in Colorado Springs, Colorado.

    On September 22, 2015, the court ordered Mr. McNeal to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and clarifies the claims he is asserting.  On October 20, 2015, Mr. McNeal filed an amended Complaint (ECF No. 7) that was not on the proper form and that still failed to provide a short and plain statement of the claims he is asserting in this action. Therefore, on December 1, 2015, the court ordered Mr. McNeal to file a second amended complaint that complies with the pleading requirements of Rule 8.  On January 12, 2016,

the court entered a minute order granting Mr. McNeal an extension of time to file a second amended complaint.

On February 11, 2016, Mr. McNeal filed a "Second Ammendment [sic] Complaint" (ECF No. 11) (the "second amended complaint") that also is not on the proper form.  The court must construe the second amended complaint liberally because Mr. McNeal is not represented by an attorney.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a pro se litigant.  See Hall, 935 F.2d at 1110.

As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined the second amended complaint remains deficient for several reasons. However, because Mr. McNeal has made some effort to comply with the court's prior orders, he will be given one final opportunity to file a pleading on the proper form that provides a short and plain statement of his claims showing he is entitled to relief.

The second amended complaint is deficient because Mr. McNeal fails to identify the specific individuals he is suing and he fails to provide an address for each Defendant. Mr. McNeal must list each Defendant in the caption of the third amended complaint he will be ordered to file and he must provide a complete address for each named Defendant so that each Defendant may be served properly.

The second amended complaint also is deficient because Mr. McNeal has not used the proper pleading form.  Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and

instructions posted on the court's website." Therefore, Mr. McNeal will be directed to file his third amended complaint on the court-approved Prisoner Complaint form.

The second amended complaint also is deficient because Mr. McNeal fails to identify the specific claims he is asserting, against which Defendant or Defendants he is asserting each claim, and what specific facts support the claims he is asserting. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The pleading requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. McNeal complains that he was assaulted by sheriff's deputies at the El Paso County Jail on January 10, 2015, and he specifically identifies Deputy W. Felder as one of the individuals who assaulted him on that date. Although Mr. McNeal apparently intends

to name as Defendants other individuals who participated in the assault, it is not clear who these other Defendants are or how many other individuals he intends to sue. It also is not clear if Mr. McNeal is asserting a claim regarding medical treatment following the January 10 assault and, if so, who he is asserting the medical treatment claim against. Mr. McNeal also alleges he was physically and sexually assaulted on a separate occasion by an unnamed deputy sheriff, and possibly also by Deputy Sheriff Parcell. Finally, Mr. McNeal refers in the second amended complaint to a denial of due process in connection with grievances, but it is not clear who he is asserting his due process claim against.

Vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Neither the court nor Defendants are required to guess in order to determine the specific factual allegations that are being asserted in support of each claim.

In order to state a cognizable claim in federal court Mr. McNeal must identify the

specific factual allegations that support each claim and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").

In order to state an arguable Eighth Amendment claim Mr. McNeal must allege specific facts that demonstrate deliberate indifference to a substantial risk of serious harm, *see Farmer v. Brennan*, 511 U.S. 825 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008), or deliberate indifference to his serious medical needs, *see Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976).  "A claim of deliberate indifference includes both an objective and a subjective component."  *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014).  "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Id.* at 1192-93 (internal quotation marks omitted).  To the extent Mr. McNeal may be asserting an Eighth Amendment claims premised on a delay in providing adequate medical care, he must allege specific facts that demonstrate the delay resulted in substantial harm.  *See id.* at 1193.  "[T]he substantial harm caused by a delay in treatment may be a permanent physical injury, or it may be an intermediate injury, such as the pain experienced while waiting for treatment and analgesics."  *Id.* (internal quotation marks omitted).  Under the subjective prong, "a prison official may be held

5

liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

With respect to due process, Mr. McNeal must allege facts that demonstrate he was deprived of a constitutionally protected liberty or property interest without adequate due process. However, the court notes that inmates do not have a constitutional right to a grievance procedure. *See Boyd v. Werholtz*, 443 F. App'x 331 (10th Cir. 2011) (affirming dismissal under 28 U.S.C. § 1915A of inmate's claim based on alleged denial of access to prison grievance procedure); *see also Walters v. Corrs. Corp. of Am.*, 119 F. App'x 190, 191 (10th Cir. 2004) (finding that an alleged denial of access to administrative grievance procedure did not result in a constitutional violation).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("[i]ndividual liability . . . must be based on personal involvement in the alleged constitutional violation."). A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Finally, Mr. McNeal may use fictitious names, such as John and Jane Doe, if he does not know the real names of the individuals he is suing, but he must make clear how

many John or Jane Doe defendants he is suing and he must provide sufficient information about each John or Jane Doe so that he or she can be identified for purposes of service. As noted above, Mr. McNeal also must provide an address where each Defendant may be served.   Accordingly, it is

ORDERED that Mr. McNeal file, **within thirty (30) days from the date of this order**, a third amended complaint as directed in this order.   It is

FURTHER ORDERED that Mr. McNeal shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. McNeal fails to file a third amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED February 29, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge