IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02073-LTB-MJW

PHINEHAS MCNEAL,

Plaintiff,

v.

W. FELDER,
LAWRENCE GALLEGOS,
BRIAN NULK,
MATTHEW WOODARD,
J. BATES,
CANYON PARCELL, and
WILLIAM FELDER,

Defendants.

**RECOMMENDATION OF DISMISSAL FOR FAILURE TO PROSECUTE, FAILURE TO APPEAR, AND FAILURE TO COMPLY WITH COURT ORDERS**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before the Court pursuant to an Order Referring Case entered by Judge Lewis T. Babcock on August 18, 2016. (Docket No. 40.)

In a Minute Order entered on April 3, 2017 (Docket No. 77), the Court ordered Plaintiff to respond to Defendants' first set of discovery on or before May 3, 2017. Plaintiff's responses had been due January 22, 2017. Plaintiff was advised of Fed. R. Civ. P. 37 and was "expressly warned that failure to comply with this order will lead to Plaintiff's claims being dismissed under Fed. R. Civ. P. 37(b)(2)(A)." (Docket No. 77 at 2) (emphasis in original) This Minute Order was returned as undeliverable on March 14, 2017, but was resent to his case manager on March 17, 2017, after the Court confirmed that Plaintiff was still incarcerated at Victorville Penitentiary. (Docket No. 84.)

When Plaintiff did not respond to Defendants' first set of discovery on or before May 3, 2017, Defendants filed a Renewed Motion for Sanctions and to Compel Discovery. (Docket No. 88.) Defendants noted that in addition to not responding to their first set of discovery, Plaintiff also failed to respond to the second set of discovery, which was due on April 10, 2017. (*Id.* ¶¶ 7-10.)

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). In addition, Local Rule 41.1

provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that the case be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) and D.C.COLO.LCivR 41.1 based on Plaintiff's failure to prosecute and failure to comply with court orders. It is further

**RECOMMENDED** that Defendants' request for sanctions be GRANTED and that Defendants be awarded their reasonable attorney's fees of $187.50 incurred as a result of Plaintiff's failure to serve answers to Defendants' discovery requests.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,** *Thomas v. Arn***, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v.*

*Colorado Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

| | |
|---|---|
| Dated: May 8, 2017<br>       Denver, Colorado | s/ Michael J. Watanabe<br>Michael J. Watanabe<br>United States Magistrate Judge |